UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

MARIE FENTON,                                                              CASE NO.: 0:19-cv-62192

      Plaintiff,

v.

LAW OFFICES OF JONEL LEMY, P.A. A/K/A JONEL
LEMY,

      Defendant.
_____/

## COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff, Maire Fenton (the "Plaintiff"), by and through counsel, sues Defendant, Law Offices of Jonel Lemy, P.A. a/k/a Jonel Lemy (the "Defendant"), and states:

1. This is an action for violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201, *et seq.*, and related State law claims.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises under federal law, namely, the FLSA.

3. This Court has supplemental jurisdiction over the Plaintiff's State law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper pursuant to 28 U.S.C. § 1391 because the conduct giving rise to the Plaintiff's claims occurred within this District.

### PARTIES

5. The Plaintiff is a citizen of the State of Florida and a resident of Broward County.

6. The Defendant is a Florida professional association doing business in Broward County.

## APPLICABILITY OF THE FAIR LABOR STANDARDS ACT

7. At all times material hereto, the Plaintiff was employed by the Defendant within the meaning of the FLSA.

8. In performing her duties for the Defendant, the Plaintiff was engaged in commerce within the meaning of the FLSA.

9. In performing her duties for the Defendant, the Plaintiff used goods and products that had been moved or produced in interstate commerce.

10. At all times material hereto, the Defendant has used goods and products that have been moved or produced in interstate commerce.

11. At all times material hereto, the Defendant has been an enterprise engaged in commerce within the meaning of the FLSA.

## FACTUAL ALLEGATIONS

12. As material to this complaint, the Plaintiff was employed by the Defendant from approximately December 2017 to July 10, 2019 (the "Covered Period").

13. Throughout the Covered Period, the Plaintiff worked for the Defendant as a paralegal.

14. Throughout the Covered Period, the Plaintiff was a full-time employee of the Defendant.

15. Throughout the Covered Period, the Defendant paid the Plaintiff an hourly rate of $12.50.

16. Throughout the Covered Period, the Defendant did not pay the Plaintiff for all of the hours that she worked.

17. Throughout the Covered Period, the Plaintiff worked approximately 159.5 hours of regular time that she was not compensated for.

2

18. Throughout the Covered Period, the Plaintiff was required to work in excess of forty (40) hours a week.

19. Throughout the Covered Period, the Plaintiff worked approximately 138.5 hours of overtime.

20. The Defendant knew or should have known that employees, like the Plaintiff, routinely were required to work overtime in order to accomplish their assigned tasks.

21. The Plaintiff was not compensated for her overtime.

22. The Defendant did not compensate the Plaintiff's overtime because the Defendant intentionally misclassified the Plaintiff as an "independent contractor" for overtime purposes.

23. However, the Plaintiff was not an "independent contractor" because the Defendant had substantial control over when, where, and how the Plaintiff performed her work.

24. The Plaintiff is owed approximately $4,590.63, not including liquated damages.

**COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (29 U.S.C. § 207)**

25. The Plaintiff realleges and incorporates by reference paragraphs 1 to 24.

26. Under the FLSA, the Plaintiff was entitled to be paid for every hour that she worked for the Defendant and that she be paid in an amount equal to or greater than the federal minimum wage.

27. Under the FLSA, the Plaintiff was entitled to overtime premium compensation of one and one-half times her regular rate of pay, for the hours she worked beyond forty (40) per week for the Defendant.

28. By the above course of conduct, the Defendant violated the FLSA.

29. Upon information and belief, the Defendant's practice of not compensating the

3

Plaintiff overtime was not approved in writing by the United States Department of Labor.

30. Upon information and belief, the Defendant's practice of not compensating the Plaintiff for overtime was not based on the Defendant's review of any policy or publication of the United States Department of Labor.

31. Upon information and belief, the Defendant's practice of not compensating the Plaintiff for overtime was not based upon any advice of counsel received by the Defendant.

32. Upon information and belief, the Defendant's practice of not compensating the Plaintiff for overtime was not based upon any investigation by the Defendant of whether the Plaintiff actually exceeded forty (40) hours during any pay period.

33. Consequently, the Defendant has violated the FLSA willfully.

34. Due to the Defendant's FLSA violations, the Plaintiff is entitled to recover from the Defendant her unpaid compensation, unpaid overtime compensation, liquidated damages, reasonable attorney's fees, and the costs of this action.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in her favor against the Defendant as follows:

(a) awarding damages in the amount of her unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

(b) awarding additional liquidated damages equal to the amount of her unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

(c) awarding reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

(d) awarding fees and costs incurred in this action; and

(e) granting any other legal or equitable relief the Court deems just and proper.

## COUNT II – RETALIATORY ACTION IN VIOLATION
## OF THE FAIR LABOR STANDARDS ACT (29 U.S.C. § 215)

35. The Plaintiff realleges and incorporates by reference paragraphs 1 to 24.

36. The FLSA prohibits employers from discharging or in any other manner discriminating against any employee because the employee exercises their rights under the FLSA. 29 U.S.C. § 215.

37. Immediately prior to the Plaintiff's termination, the Plaintiff brought to the Defendant's attention that she was being misclassified as an independent contractor contrary to the requirement of the FLSA. The Plaintiff requested that the Defendant correctly classify her as an employee.

38. In bringing the violation of the law to the Defendant's attention, the Plaintiff attempted to exercise her rights under the FLSA.

39. The Plaintiff suffered an adverse employment action in that she was terminated after bringing the misclassification to the Defendant's attention.

40. The Plaintiff was fired, in part or in whole, because she attempted to exercise her rights under the FLSA as described herein.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in her favor against the Defendant as follows:

(a) awarding compensatory damages in an amount to be proven at trial, as well as pre-judgment and post-judgment interest;

(b) awarding fees and costs incurred in this action; and

(c) granting any other legal or equitable relief the Court deems just and proper.

## COUNT III – VIOLATIONS OF THE FLORIDA WHISTLEBLOWER'S ACT
### (FLA. STAT. § 448.401 *ET SEQ.*)

41.     The Plaintiff realleges and incorporates by reference paragraphs 1 to 24.

42.     The Florida Whistleblower's Act, Fla. Stat. §§ 448.401, *et seq.* (the "FWA") prohibits employers from taking an adverse employment action against an employee because the employee has disclosed, threatened to disclose, objected to, or refused to participate in a violation of the law.

43.     Immediately prior to the Plaintiff's termination, the Plaintiff brought to the Defendant's attention that she was being misclassified as an independent contractor contrary to the requirement of State and Federal law. The Plaintiff requested that the Defendant correctly classify her as an employee.

44.     In bringing the violation of the law to the Defendant's attention, the Plaintiff was engaged in statutorily protected activity.

45.     The Plaintiff suffered an adverse employment action in that she was terminated after bringing the misclassification to the Defendant's attention.

46.     The Plaintiff was fired, in part or in whole, because she engaged in the statutorily protected activity described herein.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in her favor against the Defendant as follows:

(a)     awarding damages for lost wages, benefits, and other remuneration pursuant to Fla. Stat. § 448.103;

(b)     awarding compensatory damages in an amount to be proven at trial, as well as pre-judgment and post-judgment interest pursuant to Fla. Stat. § 448.103;

(c)     awarding reasonable attorney's fees and costs pursuant to Fla. Stat. §

448.104;

      (d)    awarding fees and costs incurred; and

      (e)    granting any other legal or equitable relief the Court deems just and proper.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. The Plaintiff realleges and incorporates by reference paragraphs 1 to 24.

48. The Plaintiff worked for the Defendant for over 8 years and during that time, the Defendant became familiar with the Plaintiff on a personal level. As such, the Defendant was aware of the Plaintiff's financial situation and that she is a single mother.

49. After bringing her misclassification as an independent contractor to the Defendant's attention, the Defendant reduced the Plaintiff's work hours by half.

50. The Defendant did this to induce the Plaintiff to voluntarily quit her employment.

51. The Plaintiff did not voluntarily quit and instead attempted to follow up with the Defendant regarding the misclassification on several occasions.

52. However, the Defendant stopped responding to the Plaintiff's requests until he ultimately terminated her employment as described herein.

53. Since the Plaintiff was misclassified as an independent contractor, she was ineligible to receive unemployment benefits following her termination. Despite being aware of the financial consequences that would result in the reduction of hours, and then termination, the Defendant did not offer any financial assistance to the Plaintiff.

54. The Defendant's conduct, as described herein, was intentional or reckless in that the Defendant intended the behavior when he knew or should have known that emotional distress would likely result.

55. The Defendant's conduct, as described herein, was outrageous.

56. The Defendant's conduct, as described herein, caused the Plaintiff severe emotional distress.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in her favor against the Defendant as follows:

(a) awarding compensatory damages in an amount to be proven at trial, as well as pre-judgment and post-judgment interest;

(b) awarding fees and costs incurred; and

(c) granting any other legal or equitable relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38.

Dated September 3, 2019.

Respectfully Submitted By:

Gulisano Law, PLLC
5645 Coral Ridge Drive, Suite 207
Coral Springs, FL 33076
954-947-3972 – office
954-947-3910 – fax
michael@gulisanolaw.com – email

s/ Michael Gulisano
Michael Gulisano, Esquire
Florida Bar No.: 87573